UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

Jason M. Silver                                   Case No. 17-41723-jda
                                                         Chapter 7
           Debtor.                        Hon. Joel D. Applebaum
_____/

Karen E. Evangelista, Trustee

          Plaintiff,

v.                                                                         Adversary Case No. 18-04403

Jason M. Silver, and L&L Gold
Associates, Inc.

          Defendants.
_____/

## OPINION AND ORDER DENYING DEFENDANT L&L GOLD'S MOTION FOR RECONSIDERATION

This matter is before the Court on the Motion for Reconsideration filed by Defendant L&L Gold Associates, Inc. ("Gold"). Gold seeks reconsideration of an Opinion entered on December 9, 2022, granting in part and denying in part cross-motions for summary judgment (Adv. P. Dkt. No. 228). In that Opinion, the Court granted summary judgment to Gold on the counts alleging fraudulent transfers and seeking a declaratory judgment. The Court also granted the cross-motion for summary judgment filed by Great Lakes Business Credit ("Great Lakes"), on behalf of itself and the estate, on the common law conversion claim, holding that Great Lakes established Gold's liability, but the Court reserved the amount of damages resulting from Gold's conversion, if any, as an issue of fact. With respect to statutory conversion, the Court denied summary judgment for statutory conversion because statutory conversion requires knowledge, which Great Lakes

conceded remained an issue of fact. All other claims were voluntarily dismissed. Gold now moves for reconsideration of the Court's Opinion granting summary judgment as to liability for common law conversion and denying Gold's motion for summary judgment seeking the dismissal of the statutory conversion claims.

First, Gold argues that, under Michigan law, a plaintiff asserting a conversion claim must have an ownership interest in the converted property. Jason Silver did not own the items allegedly converted by Gold, those items being: (1) the pawn loans themselves which were made pursuant to a line of credit from Great Lakes to Silver's Jewelry and Loan as borrower; or (2) the underlying pawned items, which remained the property of the pawnor who had a right to redeem and recover his or her property. According to Gold, because the Trustee, standing in the shoes of Jason Silver, has no "ownership interest" in the converted property, the Trustee lacks standing to bring conversion claims on behalf of Jason Silver's estate or on behalf of the non-debtor Silver's Jewelry and Loan. Because the Trustee lacks standing to pursue conversion claims against Gold, the argument continues, Great Lakes, who holds a security interest in the pawn loans transferred to Gold (among other collateral), "will be pursuing the [conversion] claims for its own benefit, not for the benefit of the estate." Reply Brief in Support of Motion for Reconsideration, Adv. P. Dkt. No. 239 at 3. Thus, Great Lakes' direct conversion claims against Gold no longer involve or implicate the estate and, according to Gold, this Court lacks jurisdiction over those claims. Gold asserts that those claims should have been dismissed as well.

Second, Gold contends that the doctrine of *in pari delicto* bars the Trustee or Great Lakes from asserting conversion claims against Gold. Finally, Gold argues that, even were the Court to find that it has jurisdiction over Great Lakes' conversion claims against Gold, the statute of

2

18-04403-jad    Doc 243    Filed 03/03/23    Entered 03/03/23 08:39:40    Page 2 of 8

limitations has long since run on Great Lakes' claims and, again, these claims should have been dismissed.

As a preliminary matter, Gold brings its motion for reconsideration under Fed.R.Civ.P. 59, incorporated into adversary proceedings by Fed.R.Bankr.P. 9023. However, Rule 9024-1(a) of the Local Rules for the United States Bankruptcy Court for the Eastern District of Michigan provides the applicable standard for a motion for reconsideration, and it is this Rule which governs the instant motion. *See In re Greektown Holdings, LLC*, 728 F.3d 567, 574 (6th Cir. 2013) (applying Eastern District of Michigan local bankruptcy rule on motion for reconsideration rather than the Federal Rules of Civil Procedure). Under our local rule, a motion for reconsideration will be granted *only* if the movant demonstrates that the Court and the parties have been misled by a palpable defect and that a different disposition of the case must result from a correction of such palpable defect. A motion that merely presents the same issues already ruled upon by the Court, either expressly or by reasonable implication, will not be granted. E.D. Mich. LBR 9024-1(a)(3). More importantly, "[I]t is well-settled that 'parties cannot use a motion for reconsideration to raise new legal arguments that could have been raised before a judgment was issued.'" *Bank of Ann Arbor v. Everest Nat'l Ins. Co.*, 563 Fed. Appx. 473, 476 (6th Cir. 2014) (internal citation omitted); *In re Packard Square LLC*, 577 B.R. 533, 535-536 (Bankr. E.D. Mich. 2017).

For its first argument, Gold's initial premise is that debtor Jason Silver had no ownership interest in the property allegedly converted and, therefore, he lacks standing to bring a conversion action against Gold. According to this argument, because the Trustee stands in Jason Silver's shoes and she has no greater rights to pursue a conversion claim against Gold than Jason Silver

3

had, she too lacks standing to assert conversion claims against Gold on behalf of the Jason Silver estate.[1]

We now come to the crux of Gold's argument. If the Trustee cannot pursue conversion claims against Gold, whether for lack of standing or otherwise, then Great Lakes must "be pursuing the [conversion] claims for its own benefit, not for the benefit of the estate." Reply Brief in Support of Motion for Reconsideration, Adv. P. Dkt. No. 239 at 3. Gold then concludes that, if Great Lakes is pursuing the conversion claims *solely* for its own benefit, then this is simply a two-party dispute involving two non-debtors over which this Court lacks jurisdiction under 28 U.S.C. § 1334(b). But, as explained below, this matter is not simply a two-party dispute unrelated to this bankruptcy estate. Unlike the fraudulent transfer claims that statutorily required the transfers be made by debtor Jason Silver, ownership of the subject property is not a precondition to this Court's jurisdiction over a conversion action if the property interest converted (here, Great Lakes' collateral) is held by a creditor whose claim is related to the bankruptcy. For this reason, Gold's argument fails.

The relevant statute for determining the scope of this Court's jurisdiction over the conversion claims is 28 U.S.C. § 1334. This section grants federal district courts jurisdiction over bankruptcy cases and over civil proceedings arising under title 11, or arising in or related to cases under title 11.[2]

---

[1] Gold's Motion for Reconsideration conflates two separate issues: standing and whether Plaintiff has stated a legal claim. The Court does not view this part of Gold's argument as an issue of *standing*. The Trustee has legal standing to bring conversion claims against Gold. Whether the Plaintiff has failed to state a claim upon which relief can be granted is another matter. Although failure to state a claim was listed by Gold as an affirmative defense in its Answer to the Complaint (Adv. P. Dkt. No. 11 at 9), Gold never pursued this defense by filing a motion to dismiss. Nevertheless, for the purposes of the instant Motion for Reconsideration, the Court will treat them as one and the same.

[2] Section 157 of title 18 authorizes the federal district courts to "refer" those bankruptcy cases and civil proceedings to the bankruptcy judges for the district. The United States District Court for the Eastern District of Michigan has done that in its local rule, E.D. Mich. LR 83.50.

As recently explained by the court in *In re Nu-Cast Step & Supply, Inc.*, 639 B.R. 440, (Bankr. E.D. Mich. 2021),

> The meanings of the terms embedded in 28 U.S.C. § 1334 are well established. The term **"cases under title 11"** as used in 28 U.S.C. § 1334(a) means the bankruptcy petition itself filed pursuant to 11 U.S.C. §§ 301, 302, or 303—i.e., the umbrella under which all of the proceedings that follow the filing of the bankruptcy petition take place. *See, e.g., Michigan Employment Sec. Comm'n v. Wolverine Radio Co., Inc. (In re Wolverine Radio Co.)*, 930 F.2d 1132, 1140 (6th Cir. 1991). See also *Gupta v. Quincy Medical Ctr.*, 858 F.3d 657 (1st Cir. 2017). As noted above, 28 U.S.C. § 1334(a) gives federal district courts exclusive jurisdiction over cases under title 11.
>
> The term civil proceedings **"arising under title 11"** means those causes of action created or determined by a statutory provision of title 11 (e.g., preferential transfers under 11 U.S.C. § 547). See, e.g., *Wolverine Radio*, 930 F.2d at 1144. See also *Moyer v. Bank of America (In re Rosenberger)*, 400 B.R. 569, 572–73 (Bankr. W.D. Mich. 2008).
>
> The term civil proceedings **"arising in"** a case under title 11 means proceedings that, by their very nature, could arise only in bankruptcy cases. See *In re Bliss Technologies, Inc. v. HMI Indus., Inc. (In re Bliss Technologies, Inc.)*, 307 B.R. 598, 602 (Bankr. E.D. Mich. 2004) (quoting *Wolverine Radio*, 930 F.2d at 1144). These "arising in" proceedings "are not based on any right expressly created by title 11, but nevertheless, would have no existence outside of the bankruptcy." *New England Power & Marine, Inc. v. Town of Tyngsborough, Mass. (In re Middlesex Power Equip. & Marine, Inc.)*, 292 F.3d 61, 68 (1st Cir. 2002).
>
> Civil proceedings that are **"related to"** a case under title 11 might seem to include an expansive universe of jurisdiction but, in reality, they do not. In *Wolverine Radio*, 930 F.2d at 1142, the Sixth Circuit adopted the Third Circuit's statement of "related to" jurisdiction as set forth in *Pacor, Inc. v. Higgins (In re Pacor, Inc.)*, 743 F.2d 984, 994 (3d Cir. 1984):
>
>> The usual articulation of **the test for determining whether a civil proceeding is related to bankruptcy is whether the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy. Thus, the proceeding need not necessarily be against the debtor or against the debtor's property. An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate. [emphasis in original; citations omitted.]**

> **"Related to" proceedings can include a civil suit between non-debtor third parties if the outcome could conceivably have an effect on the bankruptcy estate.** See, e.g., *Celotex Corp. v. Edwards*, 514 U.S. 300, 309, 115 S.Ct. 1493, 131 L.Ed.2d 403 (1995). In *Wolverine Radio*, 930 F.2d at 1142, the Sixth Circuit cautioned against finding "related to" jurisdiction in situations where there is an extremely tenuous connection to the estate.

*In re Nu-Cast* at 446-47 (emphasis added, footnotes omitted).

In this case, "related to" jurisdiction exists for a variety of reasons, but two reasons in particular are worth noting. First, Great Lakes was permitted to intervene as a party-plaintiff with respect to the conversion claims asserted in the Trustee's complaint. Subsequently, pursuant to a lengthy opinion read into the record by the Court on July 28, 2022 (Adv. P. Dkt. No. 221), Great Lakes was granted derivative standing to pursue all of the claims in the Trustee's complaint, including the conversion claims, under an agreement whereby Great Lakes would fund and prosecute the litigation and a percentage of any net recoveries in the case would inure directly to the benefit of the bankruptcy estate. Adv. P. Dkt. No. 205, at 8 (Exhibit A). In this way, any recoveries obtained by Great Lakes on the conversion claims will unquestionably "alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate . . . ."

Moreover, because Jason Silver guaranteed the obligations of Silver's Jewelry and Loan to Great Lakes, and Great Lakes obtained a non-dischargeable judgment against Jason Silver personally, Great Lakes is the largest unsecured creditor in Jason Silver's bankruptcy. To the extent that Great Lakes receives the remaining net recoveries after payments to the Trustee, such net recoveries will reduce Great Lakes' claims against the estate resulting in greater distributions to other creditors. Great Lakes' receipt of a portion of the net recoveries will again "alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which

6

18-04403-jad    Doc 243    Filed 03/03/23    Entered 03/03/23 08:39:40    Page 6 of 8

in any way impacts upon the handling and administration of the bankrupt estate . . . ." For these reasons, this Court has "related to" jurisdiction over the remaining conversion claims.

The Court's conclusion that it has "related to" jurisdiction is buttressed by the Sixth Circuit's decision in *Church Joint Venture, L.P. v. Blasingame (In re Blasingame)*, 920 F.3d 384 (6th Cir. 2019). There, the Trustee sold a cause of action outright to Church for a lump sum payment and a reduction of Church's claim against the bankruptcy estate. The Sixth Circuit recognized that, once an asset is sold, "the proceeds of that sale increase the bankruptcy estate, but the sale also means that the bankruptcy trustee gives up its right to sue based on that cause of action. Thus, the cause of action can no longer affect the value of the bankruptcy estate, which means the bankruptcy court no longer has jurisdiction over it." *Id*. at 389. The court went on to note that, in contrast, where a creditor is granted derivative standing, the estate retains an interest in the outcome of the litigation, the value of the bankruptcy estate can be affected, and jurisdiction is retained. *See Id*. That is the situation in this case. The amount of net recoveries resulting from the prosecution of the conversion claims will directly affect the value of the bankruptcy estate and, as *Blasingame* teaches, this Court retains jurisdiction over this litigation.

Turning next to Gold's *in pari delicto* argument, Gold's Motion for Reconsideration asserts that the Court's Opinion is palpably defective because it failed to address this defense. While Gold listed *in pari delicto* as an affirmative defense in its amended answer to the adversary complaint (Adv. P. Dkt. No. 11 at 9) and Gold occasionally (in both pleadings and on the record in Court) referred to Jason Silver as a "bad guy," Gold never analyzed or argued *in pari delicto* in any of its myriad filings or during oral argument despite having multiple opportunities to do so (including after Great Lakes was allowed to intervene and was then granted derivative standing). Although Gold asserts that it could not make this argument until *after* the Court ruled that Gold was liable

7

for conversion (Reply Brief, Adv. P. Dkt. No. 239 at 6), the Court disagrees. This argument could have been asserted in its initial motion for summary judgment or in its many supplemental briefs as an alternative basis for seeking summary judgment. Because it was not raised in any of the hundreds of pages of briefing or during any of the many oral arguments held in this case, it cannot now be raised in a motion for reconsideration.

Similarly, Gold's argument that Great Lakes' conversion claims are now barred by the statute of limitations was also not previously raised, analyzed, or argued in connection with Gold's Motion for Summary Judgment, its opposition to Great Lakes' Motion to Intervene (Adv. P. Dkt. No. 150), or in connection with its opposition to the Trustee's and Great Lakes' Joint Motion for Entry of Order Authorizing and Approving Assignment Agreement (Adv. P. Dkt. No. 183). This argument also cannot now be raised in a motion for reconsideration.

Because Gold has not demonstrated a palpable defect by which the Court and the parties have been misled and that a different disposition of the case must result from a correction thereof,

IT IS HEREBY ORDERED that the Motion for Reconsideration filed by L&L Gold Associates, Inc. is DENIED.

**Signed on March 3, 2023**

/s/ Joel D. Applebaum
**Joel D. Applebaum
United States Bankruptcy Judge**